# Kershbaum v. London Guarantee & Accident Co., Appellant.

*Appeals—Failure to print alleged exhibit—Diminution of record —Record—Disputed question of fact—Reference to special master —Act of June 12, 1919, P. L. 461—Rule to quash appeal.*

1. Where an appellee moves to quash the appeal on the ground that an alleged exhibit had not been printed in the record, and the appellant denies any such paper had been offered in evidence, the issue of fact thus raised will be referred to a special master and examiner appointed under the Judicial Retirement Act of June 12, 1919, P. L. 461, and if he finds as a fact that the paper was not offered in evidence, the rule to quash will be discharged.

Appeal No. 316, Jan. T., 1925, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1923, No. 9931, in case of Samuel S. Kershbaum v. London Guarantee & Accident Co.

Motion to quash appeal.

*Wm. M. Smithers* for appellant.

*David S. Malis,* for appellee.

PER CURIAM, December 21, 1925:

On November 24, 1925, the following order was filed in this case: "Plaintiff, appellee, has moved to quash defendant's appeal on the ground that an exhibit offered and accepted in evidence by the court below does not appear in the record filed in this court, and that appellant has refused to file the exhibit after demand made upon his counsel so to do. The latter filed an answer in which he averred, inter alia, that no such paper as that referred to in the petition was in fact offered in evidence, and, therefore, that it had not been omitted from the record; thus a square issue of fact is presented, which must be determined before the petition can be acted upon. The Honorable J. Hay Brown, who now holds the office of special master and examiner for this court, as authorized by the Act of June 12, 1919, P. L. 461, is hereby designated to call the parties and such other persons as he may deem necessary before him, and, after due investigation, to determine the above issue and report his finding of fact or facts thereon. The prothonotary of the Eastern District is directed to notify counsel of the above order, and, when the special master and examiner fixes a date for hearing thereunder, also to notify counsel thereof. In the meantime, the argument of the appeal is continued, with leave to move to advance after the findings of the master are filed."

On December 21, 1925, the special master and examiner filed a report wherein he found that the paper in question had not been offered in evidence, and recommended that the petition to quash should be dismissed. After considering this report and the accompanying depositions, the rule granted November 16, 1925, to show cause "why the motion to quash the appeal should not prevail," is discharged.