## Criswell v. Martin, Auditor General, et al.

*Declaratory judgments—Status of retired judge—Act of June 18, 1923.*

1. A case is particularly proper for determination under the Declaratory Judgments Act of June 18, 1923, P. L. 840, if it enables the petitioner to have his rights adjudicated without the danger of changing his status and perhaps forfeiting his rights thereby.

*Judges—Status of retired judges—Engaging in business after retirement —Act of June 12, 1919.*

2. Under the Act of June 12, 1919, P. L. 461, a judge who has retired from judicial office may engage in a remunerative business for any period, either before or after he claims the benefits of the act.

3. The Act of 1919 is a compensation statute and not a pension law, inasmuch as it providese compensation, both for past and future services, to those who come within its terms.

4. If a judge, after retirement, engages in any remunerative business or employment, he will not be entitled to any benefits under the act while he is so engaged.

5. The Auditor General cannot require a judge who has retired to covenant, under oath in his application, "that, after his retirement from office until his death," he will hold himself in readiness to perform the duties referred to in the act.

6. Such an application leaves no room for a period during which a retired judge may be engaged in a remunerative business or employment.

7. It is necessary for a retired judge, if he desires to take advantage of the act, to file a formal acceptance of the benefits and advantages of the act.

8. When a retired judge desires to engage in remunerative business or employment, he should notify the Auditor General of the period for which he is likely to be thus engaged, when that period can be reasonably ascertained.

9. While a retired judge is engaged in a remunerative business, he need not hold himself in readiness to assume the duties required of him by the act, but while he is so engaged he is not entitled to the benefits of the act.

10. When a retired judge who has engaged in business or employment retires from the same and desires to take advantage of the act, he should present a proper certificate to the Auditor General that he is no longer engaged in any remunerative business or employment.

11. It is not necessary for him to file such a certificate with the State Treasurer.

Petition under the Declaratory Judgments Act. C. P. Dauphin Co., Commonwealth Docket, 1926, No. 5.

*Snyder, Miller & Hull, Frank B. Ingersoll* and *Gordon, Smith, Buchanan & Scott,* for petitioner.

*James O. Campbell,* 1st Deputy Attorney-General, and *George W. Woodruff,* Attorney-General, for respondents.

HARGEST, P. J., June 9, 1926.—This case arises upon a petition for a declaratory judgment. The facts, which are not disputed, are as follows: George S. Criswell, the petitioner, became Judge of the Court of Common Pleas of the 28th Judicial District of Pennsylvania March 14, 1895, and served continuously until Jan. 4, 1926, a period of thirty years and 290 days. He retired because of the expiration of his term. Prior to his retirement, the Auditor General inquired of him, in writing, whether he desired to take advantage of the provisions of the Act of June 12, 1919, P. L. 461. The Auditor General submitted to the petitioner a form of application which contained, among other things, the following, as the fifth paragraph:

"That he (the applicant) hereby covenants that after his retirement from office until his death he would hold himself in readiness to advise with his successors and their colleagues, and to perform the duties as special master, referee, auditor, or examiner, in such ways as he may be reasonably able to do."

Criswell *v.* Martin, Auditor General, et al.

The petitioner avers that he has at all times held himself in readiness to assume the duties enjoined upon a judge "desiring to take advantage" of the Act of 1919, and has not engaged in any remunerative business or employment, but that he "now desires, and may hereafter from time to time desire, to engage in the practice of law for a period of time, if he can do so without prejudice to his right to receive the benefits and advantages of said act of assembly after such period or periods of engaging in the practice of law shall have ceased."

The respondents contend that the petitioner cannot, after retirement, engage in any remunerative business or employment and thereafter avail himself of the benefits of the Act of 1919; that application should be made immediately upon retirement, and that no period should intervene during which a retired judge may engage in remunerative employment.

This controversy presents a proper case for determination under the Declaratory Judgments Act of June 18, 1923, P. L. 840, because it enables the petitioner to have his rights adjudicated without the danger of changing his status and perhaps forfeiting his rights thereby: List's Estate, 283 Pa. 255; Kariher's Petition, 284 Pa. 455.

The principal question for our consideration is whether, under the Act of 1919, the petitioner, upon retirement from judicial office, can engage in a remunerative business for any period, either before or after having claimed the benefits of the act?

The Act of 1919 is not a pension law. It is a compensation statute. It provides compensation, both for part services and future services, to those who come within its terms.

In Busser *v.* Snyder, 282 Pa. 440, 454, Mr. Justice Kephart characterizes this and other recent retirement acts as follows: "With relation to the retirement acts, to which appellant calls attention, the basis on which these acts are founded is neither charitable nor benevolent; they are founded on faithful, valuable services actually rendered to the Commonwealth over a long period of years, under a system of classification which the legislature has considered reasonable. These appropriations are for delayed compensation for these years of continued service actually given in the performance of public duties in their respective capacities, with the quality of right and obligation in its concept. It is compensation for the hazard of long-continued public employment. Furthermore, in the Judicial Retirement Act, those participating in or partaking of its benefits are required to hold themselves in readiness to perform such work as may be assigned to them, and to act in the several capacities stated in the statute, when designated so to do by the court to which they were formerly attached. It is a well-known fact that persons receiving the benefits of this act, all of whom were or are of mature age, have not only held themselves open to perform the duties that may be assigned to them, but, since their retirement, have actually performed services to the Commonwealth of the utmost importance, and have continued to do so until within a very few days of their death, and those who still live are now performing those services; they, in effect, hold a legislatively-created office for which they are being compensated."

The judicial retirement system is an evolution which started with the Act of May 11, 1901, P. L. 165, providing for retirement due to disability and for compensation amounting to one-half of the salary for the balance of the term. This was followed by the Act of June 23, 1911, P. L. 1121, which provided for retirement for both disability and upon age and length of service. It provided that Supreme and Superior Court judges who have served

continuously for twenty years immediately prior to the date of resignation, and judges of the Common Pleas and Orphans' Court who have reached the age of seventy years after twenty-five years of continuous service immediately prior to the date of resignation, may resign for disability. It also provided for retirement "by expiration of term, resignation or otherwise" under the same qualifications as to length of service and age, but did not require the service to be "immediately prior" to the retirement, as in the case of disability. In each case the judge was required to hold himself in readiness to perform certain services "after his honorable retirement from office," in the same language found in section 3 of the Act of 1919.

This act provided for compensation amounting to one-half of the salary for the remainder of life. It also contained the provisions which are found in section 4 and the first sentence of section 6 of the Act of 1919, hereinafter quoted. This act was followed by the Act of June 5, 1917, P. L. 333, which eliminated the requirement that the service as to Supreme and Superior Court judges was to be continuous, and also the requirement as to such judges that the service was to be immediately prior to resignation, in case of disability. It reduced the required term of service for Common Pleas and Orphans' Court judges to twenty years and the age to sixty-five years. Then came the Act of June 12, 1919, P. L. 461. This act repealed all the other acts and purports to establish a complete comprehensive system for the compensation of judges upon their retirement. It included, for the first time, municipal and county court judges; abolished the distinction between resignation for disability and retirement by expiration of term, or otherwise, and restored the requirement as to Supreme and Superior Court judges that the service should be immediately prior to the date of resignation or retirement. It abolished the age limit as to all judges, but retained the period of twenty years' service. It also retained the same requirements as to the performance, by the retired judge, of certain services. Section 2 provides, in part: "Any judge . . . who shall have served in judicial office for twenty (20) years or more immediately prior to the date of his resignation or retirement, who may resign or retire, and if, after his resignation or honorable retirement from office by expiration of term, or otherwise, he shall hold himself in readiness to advise with his successors and their colleagues and to perform duties as special master, referee, auditor, or examiner, in such ways as he may be reasonably able to do, he shall receive during the remainder of the term for which he was last elected, if he shall so long live, and during the remainder of his life after the expiration of the term for which he shall have been elected, a sum equal to one-half (½) of the salary which would have been paid to him had he continued in active service in such court."

Section 4 provides, in part: "No judge, while accepting the benefits of this act, shall be entitled to any additional compensation for the performance of any duties assigned to him thereunder. . . ."

Section 6 provides, in part: "All payments shall be made monthly, upon the certificate of the judge, so resigning or retiring, that he is not regularly engaged in any remunerative business or employment: . . . Provided, that no compensation shall be paid under this act for any period during which such judge is engaged in any remunerative business or employment."

It is the duty of the court not only to give effect to all the language of a statute, but also to so construe a statute which is intended to establish a system so as to carry out the intention of the legislature and provide an effective workable scheme.

When so construed, it is apparent that the Act of 1919 does not prohibit a retired judge from engaging in a remunerative business or employment. The provision of section 6 that "no compensation shall be paid under this act for any period during which such judge is engaged in any remunerative business or employment" did not become part of the retirement system until 1919. This language contemplates that there may be periods during which retired judges may be so engaged. So the provision of section 4 that no judge, "while accepting the benefits of this act, shall be entitled to additional compensation for duties assigned to him under it," and the provision of section 6 that in his certificate he shall state "that he is not regularly engaged in any remunerative business or employment," show that it was the intention of the legislature to permit him to be so engaged. It is clear that when he is engaged in any remunerative business or employment, he cannot receive the benefits of the act for the period so engaged. If a retired judge opened a law office and actively entered upon the practice of law, he could not receive the benefits of this act while practicing law. It might be that during a particular month he would receive no fees, but he would, nevertheless, be *engaged* in a remunerative business or employment. A judge cannot engage in the practice of law and receive the benefits of the act in lean months, when his business is not remunerative, and forego the benefits of the act when the fees are large. If a judge were employed as counsel in a single but important and profitable case, although he may not receive the fees until the end of the litigation, yet he is "engaged" and could not receive the compensation under this act during the "period" so engaged.

We cannot adopt the construction which is suggested by the form that the Auditor General prepared for applicants to sign in order to obtain the benefits of the Act of 1919. It requires the applicant to covenant, under oath, "that, after his retirement from office until his death," he will hold himself in readiness to perform the duties referred to in the act. Such an application leaves no room for a period during which a retired judge may be engaged in a remunerative business or employment, and requires the judge continuously to hold himself in position to accept the benefits of the act. It is inconceivable that the legislature intended to force a judge to be idle upon retirement at the expiration of his term, who is able, capable and willing to work, and, at the same time, require the State to pay him for being idle. While the act contemplates services to be performed by a retired judge, it would be a very rare instance in which such services would occupy his full time. Such construction of the act would be against public policy and perhaps render it void. The policy of the law is to encourage thrift and not idleness. Such a policy, also, would make the State pay money which there was no occasion to pay, and such a construction would not give effect to the language found in sections 4 and 6, to which we have above referred.

Having disposed of the principal contention, we shall undertake to answer the questions propounded in the petition and, where necessary, give additional reasons for our conclusions.

"*(a)* Is it necessary for your petitioner to file any formal acceptance of the benefits and advantages of said act?"

This we answer in the affirmative. Any other conclusion would not make a workable system. It is well known that the State can pay no money except upon an appropriation therefor. The amount necessary to be appropriated for the payment of compensation of retired judges could not be ascertained, unless judges, upon their retirement, indicated an intention to accept the benefits of the Act of 1919. If retired judges, in a haphazard way, sent in

their certificates without any previous indicatioin that they intended to make any claims, it might be found that there was no appropriation to meet the claims.

"(b) Is it necessary that your petitioner undertake to hold himself in readiness for the remainder of his life to assume duties enjoined upon a retiring judge desiring to take advantage of the act?"

This question we answer in the negative. It is necessary for him to hold himself in readiness to assume the duties enjoined by the act for any periods for which he is not engaged in a remunerative business or employment. When so engaged, he should notify the Auditor General of the period for which he is likely to be thus engaged, when that period can be reasonably ascertained.

"(c) May your petitioner engage in the practice of law or any other remunerative business or employment without waiving and losing, beyond redemption, his rights upon ceasing such practice of law or such remunerative business or employment to again accept the benefits and advantages under said act?"

That we answer in the affirmative, for the reasons already expressed.

"(d) Is it necessary that your petitioner, while so engaging in the practice of law or other remunerative business or employment, [to] hold himself in readiness to assume the requirements enjoined upon a retiring judge desiring to take advantage of said act, if he desires to avoid waiving and losing, beyond redemption, all his rights under said act?"

That we answer in the negative. A judge is not allowed to practice law. He cannot engage in both a remunerative business and employment and hold himself in readiness to assume the duties imposed under the act and thus receive the benefits of the act at the same time, but he can do one or the other, for specific periods, after retirement.

"(e) In order to obtain payment under the act, is it necessary for your petitioner to present his certificate to the Auditor General of the Commonwealth of Pennsylvania that he is not engaged in any remunerative business or employment?"

That we answer in the affirmative. This act must be construed with section 1 of the Act of March 30, 1811, 5 Sm. Laws, 228; Penn. Stat., "Public Accounts," § 17,438, which requires all accounts between the Commonwealth and any person to be examined and adjusted by the Auditor General. This system has been so imbedded in the fiscal policy of the State for one hundred and twenty-five years that it would take a very clear legislative expression to show that a proceeding where money was to be taken out of the State Treasury in any particular instance should not follow this course.

"(f) Is your petitioner entitled to payments under the act upon filing a certificate with the State Treasurer of the Commonwealth of Pennsylvania that he is not regularly engaged in any remunerative business or employment?"

We answer in the negative, because, under the Act of 1811, such certificate should be filed with the Auditor General, the account settled by him, and then approved by the State Treasurer.

We may add that we think a retiring judge who desires the benefits of the Act of 1919 should promptly notify the Auditor General of his intention. He might contemporaneously, or at any subsequent time thereafter, also notify the Auditor General that, for a given period, he expects to engage in a remunerative business or employment, during which period, as to him, the benefits under the act would be suspended.

Criswell v. Martin, Auditor General, et al.

We cannot agree that the Act of 1919 should be construed as Deputy Attorney-General Keller construed the Acts of 1911 and 1917. He held that "it is a judge, not a former judge, who secures the benefits of the act." Section 3 of the Act of 1919 specifically refers to a judge "who has heretofore served in judicial office." We are rather inclined to the view that the act, being a compensation statute, is intended to compensate the former judges. As was said by Mr. Justice Kephart, in Busser v. Snyder, 282 Pa. 440, former judges "hold a legislatively-created office for which they are in effect being compensated," "for the hazard of long-continued public employment," as well as for holding "themselves in readiness to perform such work as may be assigned to them, and to act in the several capacities stated in the statute when designated so to do by the court to which they were formerly attached:" Kershbaum v. London Guarantee and Accident Co., 284 Pa. 591.

. And now, June 9, 1926, the petition is sustained, at the cost of the respondents, and the respondents are directed to place the name of George S. Criswell upon the judges' retirement list, upon filing with the Auditor General his application for the benefits of the Act of June 12, 1919, P. L. 461.

From Homer L. Kreider, Harrisburg, Pa.